# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2955-19

J.C.,

    Plaintiff-Respondent,

v.

T.T.,

    Defendant-Appellant.

_____

        Submitted May 5, 2021 – Decided June 7, 2021

        Before Judges Ostrer and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-1776-20.

        Law Offices of Jonathan F. Marshall, attorneys for appellant (Paul Koutouzakis, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal, defendant T.T. appeals from the March 4, 2020 final restraining order (FRO) entered against her under the Prevention of

Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We affirm, substantially for the reasons set forth by Judge Bernadette N. DeCastro in her thoughtful and concise oral opinion from the same day.

We derive the following facts from the FRO trial. The parties were married in June 2016. They resided together until February 16, 2020, when plaintiff J.C. secured a temporary restraining order (TRO) against defendant. Ten days later, plaintiff amended his TRO complaint to include allegations of defendant's abusive behavior from 2018 and 2019. Such allegations included defendant's purported threats to: "trash" the parties' apartment; donate plaintiff's clothes; destroy his laptop; send a naked photo of him to his father and others; and file a false report that he abused her, so she could send the false report to his law school. Plaintiff further alleged defendant hit him, and "slapped and pushed [him] several times."

During the FRO trial, plaintiff contended he needed an FRO based on defendant committing the predicate acts of cyber harassment, N.J.S.A. 2C:33-4.1 and assault, N.J.S.A. 2C:12-1(a). He described, in detail, an argument the parties had in their apartment on the evening of February 15, 2020, when defendant purportedly pushed him as she tried to prevent him from retrieving the parties' cat from outside their doorway. Plaintiff testified defendant "pushed

[him] about four times, banged [his] elbow, and then she moved . . . into the dining area." He added that defendant pushed him "with a significant amount of force against the door frame and the kitchen countertops." After plaintiff found the parties' cat, he called the police to report the incident.

Plaintiff also testified about prior incidents of domestic violence. For example, he stated defendant threatened to destroy his final exam outlines from law school, as well as certain prescription medications, and he later "discovered that she did, in fact, act upon that." Plaintiff identified pictures of these damaged items at trial.

Additionally, plaintiff testified he still loved his wife, but wanted her to attend an inpatient substance abuse program because he believed "[t]hat's the root of all this evil . . . . The root of this behavior of threats and hostility is substance abuse." Further, he testified he was "fearful of emotional and physical harm," and that if defendant did not seek treatment, he felt "nearly certain that this pattern of behavior is going to continue" so that he would be "subject to emotional and physical threats, character assassination activities, and physical harm."

On cross-examination, plaintiff was asked if he was "trying to use a [TRO] as some type of leverage to get [defendant] into a program." He acknowledged

3

this was "a consideration," but denied he filed for a TRO as a "quid pro quo." On redirect, plaintiff explained that as long as his wife was "abusing drugs and alcohol," his life was in danger "[b]ecause of the impulsive behavior that goes on with that."

When defendant testified, she denied plaintiff's allegation that she posted a naked picture of him on another individual's Facebook account. However, she admitted she texted plaintiff that same photo and said she would send it to his father, adding, "but I never sent it to his father." She further denied striking plaintiff in the face with "a wand," as alleged in his amended TRO complaint. Nonetheless, she did not deny pushing plaintiff during the parties' argument on February 15, 2020, nor did she deny destroying certain items belonging to plaintiff.

Judge DeCastro credited plaintiff's testimony over that of defendant and noted defendant "seemed evasive." Further, the judge found that while plaintiff failed to demonstrate defendant committed the predicate act of cyber harassment, he had established defendant assaulted him.

On appeal, defendant argues plaintiff's proofs fell short of proving she committed the predicate act of assault. She further contends he failed to

establish the need for an FRO because defendant's actions constituted "mere domestic contretemps."  We disagree.

Our scope of review of Family Part orders is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters.  Id. at 413 (citations omitted).  Deference is especially appropriate in bench trials when the evidence is "largely testimonial and involves questions of credibility."  Id. at 412.  A trial judge who observes witnesses and listens to their testimony is in the best position to "make first-hand credibility judgments about the witnesses who appear on the stand."  N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008).

Here, we are satisfied the totality of the circumstances supports Judge DeCastro's findings that defendant committed the predicate act of assault and an FRO was necessary to protect plaintiff from future acts of domestic violence.  See Silver v. Silver, 387 N.J. Super. 112, 127 (App. Div. 2006).  Indeed, when analyzing the second Silver prong, the judge found there was a history of domestic violence preceding defendant's physical assault on the plaintiff in February 2020, and defendant's abusive conduct was unlikely to stop without an FRO.  The judge explained:

[d]efendant threatened to file a false police report and send it to plaintiff's law school. And that would constitute harassment. There's no need for her to have actually followed through with those threats. I find the defendant did hit plaintiff in the face with the plastic wand . . . and that would constitute an assault . . . . Plaintiff testified . . . credibly, that the defendant destroyed plaintiff's personal property. There is proof. There are photographs. He[] took the photographs. I don't need any other authentication . . . . She destroyed his law school notes. She destroyed his medication . . . . All constituting, at least, criminal mischief and harassment.

. . . .

Here, I find that based on the history of the incidents of domestic violence, coupled with the predicate act and the plaintiff's testimony, that defendant's conduct is not likely to stop without an entry of a final restraining order. This series of harassing conduct seems to be going on for about a year.

Having reviewed the record, we find no basis to disturb the judge's credibility determinations and are persuaded her factual findings are supported by substantial credible evidence. See Cesare, 154 N.J. at 411-12.

All other points raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2955-19